

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-20-00322-CV

IN RE ROBERT JAMES BACK, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

February 8, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Robert James Back petitions for a writ of mandamus directed at the Texas Board of Pardons and Paroles. Through it, we are asked to reverse or void the Board's decision revoking his parole. We dismiss the petition for want of jurisdiction.

This court's authority to issue original writs of mandamus is limited. It may issue same only when necessary to 1) enforce its jurisdiction or 2) address acts of a district, statutory county, statutory probate county, or county judge or associate judge appointed under Chapter 201 of the Family Code. TEX. GOV'T CODE ANN. § 22.221(a)–(b) (West Supp. 2020). Our jurisdiction does not extend to the regulation of anything or anyone else. *Glover v. Tex. Bd. of Pardons and Paroles*, No. 07-96-0375-CV, 1996 Tex. App.

LEXIS 4867, at *2 (Tex. App.—Amarillo Nov. 1, 1996, orig. proceeding).  The Board falls

outside the scope of those positions; thus, we have no jurisdiction to entertain mandamus

relief against it.  *Id.*

The petition for writ of mandamus is dismissed for want of jurisdiction.


Per Curiam